U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jun 01 - 2026**

John M. Domurad, Clerk

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| **Montrell Reese** | ) | Case No.    1:26-MJ- 124(PJE) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On December 9, 2025 in the county of Warren, in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Distribution of a controlled substance (28 grams or more of cocaine base) |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒    Continued on the attached sheet.

_TFO Paul T_____
Complainant's signature

Paul Trottier, DEA TFO
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    6/1/2026

_____
Judge's signature

City and State:    Albany, New York

Hon. Paul J. Evangelista, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Paul Trottier, depose and state as follows:

1.      I am an Investigator with the Washington County Sheriff's Office (WCSO) and have been employed as a police officer since 2007.  I have been assigned to the WCSO Investigations Unit since December 2017, primarily responsible for conducting drug-related investigations within the jurisdiction of Washington County.  In April 2018, I was assigned to the Drug Enforcement Administration (DEA) Capital District Drug Enforcement Task Force and deputized as a federal Task Force Officer.  In that capacity, I am assigned to the DEA New York Field Division, Albany District Office.  As a DEA Task Force Officer, I am authorized to seek and arrest federal arrest warrants for Title 18 criminal offenses, including the offense described in this affidavit.

2.      I have participated in many investigations involving drugs to include marijuana, hashish, cocaine, heroin, fentanyl, psilocybin, lysergic acid diethyl, anabolic steroids, bath salts, synthetic marijuana, ecstasy (MDMA), crystal methamphetamine and prescription medications, and involving violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.  This includes my work as an undercover police officer and acting as a back-up team member during undercover drug investigations; conducting surveillance of drug dealers; debriefing confidential sources and other cooperating individuals who have knowledge pertinent to drug investigations; discussions with other police officers regarding intelligence about drug activity; and reviewing information provided through law enforcement channels.

3.      The statements contained in this affidavit are based upon my investigation and the investigation of other law enforcement officials, and on my experience and training as a DEA Task Force Officer.  Any statements described herein reflect the sum and substance of what was

said. As this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Montrell REESE has violated 21 U.S.C. § 841(a)(l) and (b)(l)(B).
PJE

## BASIS FOR PROBABLE CAUSE

4.      On December 9, 2025, DEA and the Warren County Sheriff's Office conducted a controlled purchase of approximately 52.092 grams of cocaine base from REESE in Warren County, New York utilizing a confidential source ("CS"). The CS used a cellular phone to arrange the purchase with REESE. Prior to the controlled purchase the CS was searched by law enforcement for contraband and money with none found. The CS was equipped with audio and video recording equipment and provided U.S. cash to complete the purchase. The CS, thereafter, went to the pre-arranged location in Warren County, New York where CS handed REESE cash in exchange for cocaine base. Following the drug transaction, the CS returned to law enforcement at a pre-determined location and turned over the cocaine base and audiovisual recording equipment. The CS was searched by law enforcement for additional contraband and money with none found. The cocaine base was sent to the DEA laboratory testing which revealed the substance purchased was 52 .092 grams of cocaine base at 85% purity.

## CONCLUSION

5.      Based on the foregoing, there is probable cause to conclude that on December 9, 2025, REESE distributed 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). I respectfully request that a criminal complaint be issued.

Paul Trottier
Task Force Officer
Drug Enforcement Administration


I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that on June 1, 2026, this affidavit was attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.


Hon. Paul J. Evangelista
United States Magistrate Judge

3